Dear Honorable Ross,
The Attorney General has received your request for an official opinion asking, in effect:
 Does the requirement of Article VI, Section 31a, Okla. Const., that a majority of the members of the Board of Regents for A M Colleges be farmers violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution?
Article VI, Section 31a of the Oklahoma Constitution creates the Board of Regents for Oklahoma A M Colleges. It states, in relevant part:
 "There is hereby created a Board of Regents for the Oklahoma Agricultural and Mechanical College and all Agricultural and Mechanical Schools and Colleges maintained in whole or in part by the State. The Board shall consist of nine (9) members, eight (8) members to be appointed by the Governor by and with the advice and consent of the Senate, a majority of whom shall be farmers, and the ninth member shall be the President of the State Board of Agriculture." (Emphasis added).
Specifically, your concern centers on the requirement that a majority of the eight members that are appointed by the Governor "shall be farmers." Does this classification that a majority of the members of the Board of Regents for A M Colleges be farmers violate the Equal Protection Clause of the Fourteenth Amendment?
The Equal Protection Clause of the Fourteenth Amendment does not constitute an absolute ban upon legislative classification. On numerous occasions the United States Supreme Court has addressed this issue and articulated the standard to be used:
 "The Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." (Emphasis added). McGowan v. Maryland, 366 U.S. 420, 425-426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
To answer your question we must examine the history behind Okla. Const. Article VI, Section 31a and if possible, the basis for the occupational requirement for membership on the board to see if it meets constitutional scrutiny.
This constitutional provision creating the Board of Regents for Agricultural and Mechanical Colleges was adopted by the people of Oklahoma voting at a special election held July 11, 1944. Article VI, Section 31a amended Article VI, Section 31, Okla. Const., which was adopted in 1907. At that time the State Board of Agriculture was the Board of Regents of all State Agricultural and Mechanical Colleges.
The Oklahoma Supreme Court has examined Okla. Const. Article VI, Section 31a in the case of Board of Regents, Okla. A. M. Col. v.Oklahoma State Regents, 497 P.2d 1062 (Okla. 1972). In this case, the Board of Regents for A M Colleges challenged the ability of the State Regents for Higher Education to transfer control and management of a college to a separate board of regents.
In 1971, the Regents for Higher Education conducted a feasibility study of (at that time) Murray State College of Agricultural and Applied Sciences, and approved a statement of functions for the college which would emphasize technical and occupational education. In conjunction with this change in educational emphasis, the Regents for Higher Education proposed the creation of a new board of regents for Murray State College. This action was challenged.
The Oklahoma Supreme Court expressed its frustration with the ab sence of language indicating legislative intent of the relevant constitutional provision. However, it did illustrate the nature of the colleges governed by the Board of Regents for Agricultural and Mechanical Colleges. It wrote:
 "[W]e hold that when a School or College ceases to be an Agricultural and Mechanical School or College within the meaning of Article VI, Section 31a, supra, that said section does not require that such School or College be under the management and control of the Board of Regents for the Agricultural and Mechanical Colleges." Id., at 1067.
Also, the Court held:
 "We hold that when an institution offers courses of study in agriculture and other allied courses of study, but its courses of study and functions give predominant emphasis to technical education, which cuts across the several fields of education, such institution is not an Agricultural and Mechanical College within the meaning of Article VI, Section 31a, of the Constitution." Id. at 1069.
Clearly, the Court recognized that the colleges governed by the Board of Regents of A M Colleges be primarily interested in the study of "agriculture and other allied courses of study." The importance of this determination is that it illustrates the rational relationship to the requirement that five members of the Board of Regents for A M Colleges be farmers, men and women with agricultural background. Such a relationship meets the traditional test for upholding a classification from a challenge that such a requirement violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
In Mayor v. Educational Equality League, 415 U.S. 605, 94 S.Ct. 1323,39 L.Ed.2d 630 (1973), the United States Supreme Court examined an appointment system analogous to the system in question. The citizens of the City of Philadelphia had created a nominating panel to assist the Mayor in making appointment to the Philadelphia Board of Education. Nine members of the nominating panel were required to be from various city-wide organizations or institutions. Such a panel was challenged as being unconstitutional and violative of the Fourteenth Amendment, Equal Protection Clause of the U.S. Constitution. The U.S. Supreme Court upheld this system of appointing members to the nominating panel. The Court could find no evidence of automatic racial discrimination in such a system such as would violate the Fourteenth Amendment of the U.S. Constitution.
It is, therefore, the official opinion of the Attorney General that therequirement of Okla. Const. Article VI, Section 31a that a majority ofthe members of the Board of Regents for Oklahoma Agricultural andMechanical Colleges be farmers does not violate the Equal ProtectionClause of the Fourteenth Amendment of the United States Constitution.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL